**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Montoya, individually and on behalf of those similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>3PD, Inc., The Home Depot, Inc. et al.,<br><br>        Defendants. | No. CV-13-8068-PCT-SMM<br><br>**ORDER** |

For good cause shown, the Court **GRANTS** the Parties' Stipulation on Equitable Tolling, as follows. (Doc. 62.)

**IT IS HEREBY ORDERED** that:

1. Subject to Paragraph 2 below, the "Tolling Period" begins on September 4, 2013, the date of the Conference in which the tolling issue was first discussed, and ends on the 30th day after the Court issues the last ruling on the Summary Judgment Motion.

2. In the event that any summary judgment order disposes of the Fair Labor Standards Act ("FLSA") claims, or any part thereof, the Parties are unable to reach agreement regarding whether the limitations period should be tolled until after a final order is issued on any subsequent appeal of the Court's summary judgment order. Plaintiff will submit this issue to the Court in a Motion for Equitable Tolling.

3. Defendants agree to waive completely any argument that the Tolling Period should be included or used in determining the applicability of any statute of limitations, class period, defense of laches, or any other defense on grounds of timeliness with respect to

1 claims pursuant to the Wage and Hour Laws, possessed by Plaintiff and/or members of the
2 Collectives against Defendants, where such claims arose during the Tolling Period or were
3 still timely as of the beginning of the Tolling Period.

4     4. During this Tolling Period, the running of all statutes of limitation applicable
5 to the Wage and Hour Laws, whether styled as a collective action or not, that could be filed
6 by Plaintiff or any member of the Collectives will be suspended and tolled. The intent of this
7 Stipulation is that during the Tolling Period, the Parties will stand in their respective
8 positions as to the FLSA claims and are not prejudiced by the passage of time until the
9 Tolling Period ends.

10     5. Except as provided in the Stipulation, in entering into this Stipulation,
11 Defendants in no manner waive any defenses they may have with respect to any claims that
12 might be raised by Plaintiff or Collectives and Subclasses which he seeks to represent,
13 including any defense as to whether the proposed action could be brought as a collective or
14 class, the appropriateness of the proposed collective or class, or the Plaintiff's ability to serve
15 as a representative of the proposed collective or class.

16     6. The Stipulation binds Plaintiff, Defendants, and their successors in interest.

17     7. The Stipulation shall not be admissible in any proceeding in any court, agency,
18 or other forum for any purpose other than to enforce the express terms of the Stipulation
19 itself.

20     8. The Stipulation contains the entire agreement among the Parties and constitutes
21 the complete, final, and exclusive embodiment of the Parties' agreement regarding the
22 subject matter hereof. The terms of this Stipulation are contractual and not a mere recital.

23     9. The Stipulation may be executed by way of electronic signature, including by
24 facsimile or electronic mail.

25     DATED this 25th day of September, 2013.

Stephen M. McNamee
Senior United States District Judge