**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dennis Montoya, individually and on on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>3PD, Inc., The Home Depot, Inc., et al.,<br><br>    Defendants.<br>_____<br>3PD, Inc.,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>Big Dog Trucking and Material Handling, LLC,<br><br>    Third-Party Defendant.<br>_____ | No. CV-13-8068-PCT-SMM<br><br><br><br><br><br><br><br><br>**ORDER** |

Before the court is Third Party Defendant's, Big Dog Trucking and Material Handling, LLC, motion to dismiss Third Party Plaintiff's, 3PD, Inc., complaint. (Doc. 70.) The motion is fully briefed. (Docs. 71, 76.)[1] The Court will deny without prejudice Third Party Defendant's motion to dismiss.

---

[1] Third Party Defendant has requested oral argument. The Court will not set oral argument on the motion because both parties have submitted legal memoranda and oral argument would not aid the Court's decisional process. See e.g., Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

**Background**

Plaintiff Dennis Montoya entered into the "Subcontract Agreement" on behalf of Big Dog Trucking and Material Handling, LLC, ("Big Dog") of which he was either an agent or employee, with Defendant 3PD, Inc. ("3PD") on December 7, 2009. (Doc. 34 at 23; Doc. 34-1 at 2-20.) Subsequently, Montoya sued 3PD for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, and Arizona wage payment and unjust enrichment claims. 3PD answered and included a third party complaint against Montoya's limited liability company, Big Dog, seeking indemnification pursuant to the indemnification provision of the "Subcontract Agreement." (Doc. 34-1 at 11.) 3PD claims that Montoya's amended complaint (Doc. 33) falls within the scope of the indemnification provision and seeks its enforcement.

Big Dog moves to dismiss 3PD's third-party complaint claiming that enforcement of the indemnification provision is contrary to Georgia law, the law governing the contract, as well as the interests of the FLSA and its state equivalents.

**Standard of Review**

*I. Motion to Dismiss*

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. Galbraith v. County of Santa Clara 307 F.3d 1119, 1121 (9th Cir. 2002) (citing Epstein v. Washington Energy Co., 83 F. 3d 1136, 1140 (9th Cir. 1996)).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. SmileCare Dental Group v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint

- 2 -

could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." United States v.Webb, 655 F.2d 977, 979 (9th Cir. 1981).

*II. Choice of Law*

In diversity actions, federal courts apply the conflict of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Paulsen v. C.N.F., Inc., 559 F.3d 1061, 1080 (9th Cir. 2009). In choice-of-law cases, Arizona courts follow the Restatement (Second) of Conflict of Laws to determine which state's law applies. Cardon v. Cotton Lane Holdings, Inc., 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992); Swanson v. The Image Bank, Inc., 206 Ariz. 264, 266, 77 P.3d 439, 441 (2003). Choice-of-law issues are a matter of law, and so Arizona courts decide them *de novo*. Garcia v. General Motor Corp., 195 Ariz. 510, 516, 990 P.2d 1075 (App. 1999). The Restatement (Second) of Conflict of Laws states that a choice of law provision is enforceable if "the particular issue is one in which the parties could have resolved by an explicit provision in their agreement." Restatement (Second) of Conflict of Laws § 187(1). Further, even if the particular issue is not one in which the parties could have resolved, a choice of law provision will be enforced, unless either (1) the chosen state has no substantial relationship to the transaction or parties, or (2) application of the chosen state's law would be contrary to the public policy of a state which has a greater interest in the matter. Restatement (Second) of Conflict of Laws § 187(2)(a),(b).

**Discussion**

*I. Georgia law governs this dispute.*

Big Dog has elected to not dispute the "Subcontract Agreement's" choice of Georgia law for the purposes of this motion. (Doc. 70 at 3, n.3.) However, the third-party complaint is before this court as a result of diversity jurisdiction, meaning that choice of law analysis is necessary. (Doc. 34 at 21.) Under Arizona law, the Court analyzes this indemnity provision (Doc. 34-1 at 19), subject to the Restatement (Second) of Conflict of Laws § 187.

- 3 -

1  Here, the application of Georgia law is not fundamentally different or contrary to Arizona's
2  application of indemnity principles or the public policy of Arizona regarding indemnity. See
3  e.g. Washington Elementary School Dist. No. 6 v. Baglino Corp., 817 P.2d 3 (Ariz. 1991)
4  (discussing general indemnity principles under Arizona law). Therefore, the Court finds that
5  the parties could have legally contracted to the term that Georgia law would govern disputes
6  arising from the "Subcontract Agreement."

*II. Indemnification Claim*

At issue is whether 3PD's indemnification claim in the "Subcontract Agreement" lacks a reasonable basis in fact or law and should be dismissed. Big Dog contends that enforcement of the indemnification agreement is contrary to Georgia contract law and the public policy concerns of the FLSA and its state statutory equivalents. (Doc. 70 at 3-6.) In support, Big Dog argues that Georgia law disfavors agreements that indemnify the indemnitee for its own wrongful acts, and that any such agreement be "expressly and explicitly agreed" to. (Doc. 70 at 4.)

3PD seeks to clarify that under the indemnity provision it only seeks costs and expenses, including attorney's fees, to the extent that the Court finds in favor of 3PD that Big Dog is an independent contractor under the agreement. (Doc. 71 at 2.) Continuing, 3PD contends that dismissal of the indemnity provision is premature until the Court rules whether Big Dog is an employee or an independent contractor. (Id.)

The Court finds that Spellman v. American Eagle Express, Inc., 680 F.Supp.2d 188 (D.D.C. 2010), Costello v. Beavex, Inc. No. 12 C 7843, 2013 WL 2156052 (N.D. Ill. May 17, 2013), and Dobbins v. Scriptfleet, Inc., No. 8:11 C 1923, 2012 WL 2282560 (M.D. FL June 18, 2012) are persuasive in this matter. Each involved an indemnification provision in an independent contractor agreement that the defendant sought to enforce via counterclaim against the plaintiff. The courts in these cases found that it would be improper to dismiss the indemnity provision prior to a determination whether the plaintiff was an employee or an independent contractor.

In the same vein, Big Dog's status as an independent contractor or employee must first

1  be decided prior to a determination as to the enforcability of the indemnification provision.
2  Therefore, the Court will not dismiss the indemnity provision in the "Subcontractor
3  Agreement" at this time.  Furthermore, the Court finds that all other issues raised by Big
4  Dog's motion to dismiss are denied at this time as they are premature.

**Conclusion**

**IT IS HEREBY ORDERED** denying without prejudice Big Dog's motion to dismiss 3PD's Third Party Complaint. (Doc. 70.)

**IT IS FURTHER ORDERED** denying without prejudice Big Dog's motion to dismiss the indemnity provision as void and unenforceable under the terms of the parties' "Subcontractor Agreement."

**IT IS FURTHER ORDERED** denying without prejudice as moot Big Dog's motion to dismiss 3PD's claim for recovery of expenses Plaintiff Dennis Montoya agreed to pay under the terms of the parties' "Subcontractor Agreement."

DATED this 9th day of June, 2014.

Stephen M. McNamee
Senior United States District Judge